Opinion by
White, P. J.
§ 197. Writ of error bond; city not exempt from giving, unless, etc. The provisions of Title XVII of the Be vised Statutes, page 58,-with regard to “Cities and *159 Towns,” do not apply to any city, until such provisions have been accepted by the city council in accordance with the terms made and manner prescribed by the statute. [R. S. arts. 340, 341.] By article 499, it is provided that a city accepting the provisions of said title shall not be required to give bond in any suit or proceeding in which the city is a party, its liability being prescribed and fixed without a bond. In this case, a writ of garnishment was served upon appellant, assessor and collector of taxes of the city of Hearne, upon a judgment against said city in favor of appellee, and judgment was rendered therein against him. The case is brought to this court by writ of error, without a writ of error bond, and defendant in error moves to dismiss the writ of error for want of such bond. Held, plaintiff in error claims that this is a suit against the city of Hearne, and that said city is incorporated under the general law, and that if it could prosecute a writ of error without bond, he, as agent and representative of the city, and in a suit in which said city is a party, can do so likewise, and by virtue of said authority. We are not prepared to say but that this position would be correct, if it had been made to appear in the record that the city had accepted the provisions of the' general law, and become incorporated under it, according to its terms and provisions. This is not made apparent of record. Without such showing affirmatively, the city could not prosecute the writ without bond, and if the city could not, it is obvious that plaintiff in error, as her agent, cannot. The fact that a party appealing or prosecuting a writ of error is entitled to do so by virtue of certain privileges which exempt him from duties and burdens interposed generally with regard to such proceedings, must be affirmatively shown by him, or this court cannot recognize such right.
May 7, 1884.
Dismissed.